# United States Court of Appeals
# for the Fifth Circuit

———————

No. 25-50591
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
June 12, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Francisco Marte-Roble,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:24-CR-3152-1

———————————————————

Before Clement, Southwick, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Francisco Marte-Roble filed this appeal following his conviction of illegal reentry under 8 U.S.C. § 1326, arguing for the first time that the statutory sentencing enhancement in § 1326(b) is unconstitutional. He concedes that his argument is foreclosed by *Almendarez-Torres v. United*

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50591

*States*, 523 U.S. 224 (1998). The government moved for summary affirmance or, alternatively, for an extension of time in which to file an appellate brief.

Marte-Roble's argument is foreclosed by precedent. *See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (cleaned up)). Summary affirmance is fitting where, as here, the government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969) (per curiam).

Accordingly, the government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time is DENIED, and the judgment of the district court is AFFIRMED.